IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **KENDRA SAYLES,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | |
| | § | |
| v. | § | Cause No. 4:18-cv-1483 |
| | § | |
| **MAXIM HEALTHCARE** | § | A Jury is Demanded |
| **SERVICES, INC.,** | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND
JURY DEMAND**

Plaintiff, KENDRA SAYLES, by and through her undersigned counsel, hereby files this Original Complaint and Jury Demand and alleges:

Plaintiff brings this action against the Defendant, MAXIM HEALTHCARE SERVICES, INC., under the Fair Labor Standards Act of 1938 (FLSA), 52 Stat. 1060, as amended, 29 U.S.C. §201 *et seq* (1994 ed. And Supp. III) ("FLSA") and for Breach of Contract.

1. Plaintiff, KENDRA SAYLES resides in Ft. Bend County, Texas.

2. Defendant, MAXIM HEALTHCARE SERVICES, INC., is a corporation formed and existing under the law of the State of Maryland and is

1

authorized to conduct business in the State of Texas and at all times material this complaint, operate in Ft. Bend County, Texas.

## JURISDICTION AND VENUE

3. This Court has jurisdiction under the FLSA pursuant to 28 U.S.C. §1337 and 29 U.S.C. §216(b).

4. Plaintiff, KENDRA SAYLES, was an "employee" of Defendant, as that term is defined by the FLSA. During her employment with the Defendant, the Plaintiff was individually and directly engaged in interstate commerce, and her work was essential to Defendant's business.

5. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, purchasing materials through commerce, transporting final products through commerce, and conducting transactions through commerce, including the use of phones and/or cell phones, electronic mail, and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and 203(s).

6. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiff transacted business within Ft. Bend County, Texas, and the events underlying this complaint occurred within this judicial district.

## FACTS SUPPORTING RELIEF

7. Plaintiff, KENDRA SAYLES, worked for MAXIM HEALTHCARE SERVICES, INC. from approximately May of 2015, through March 29, 2018, as a pediatric nurse.

8. From approximately May of 2015, through May of 2017, Plaintiff was paid at the hourly rate of $33.00 per hour. Thereafter, Plaintiff was paid at an hourly rate of $28.00.

9. Defendant was Plaintiff's "employer" as defined in 29 U.S.C. § 203(d).

10. During some or all of the workweeks of her tenure with the Defendant, Plaintiff worked in excess of 40 hours per week.

11. During the weeks of employment where Plaintiff worked more than 40 hours, Defendant failed to pay Plaintiff the overtime premium required by the FLSA.

12. The Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

13. At all times relevant to this case, the Defendant had knowledge of Plaintiff's regular and overtime work. Defendant approved Plaintiff's work and hours. Plaintiff's work benefitted Defendant.

14. Defendant's actions were willful and in blatant disregard for Plaintiff's federally protected rights.

15. Defendant is liable to Plaintiff under the FLSA for all unpaid wages and overtime compensation as well as for liquidated damages, attorney's fees, out of pocket expenses and costs of Court.

## COUNT I
### CAUSE OF ACTION:  VIOLATION OF THE FLSA OVERTIME PROVISION

16. Plaintiff incorporates all averments of fact into this Cause of Action for violation of the FLSA overtime provision.

17. Throughout Plaintiff's employment with Defendant, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

18. The Defendant is obligated by law to pay Plaintiff at a rate of one and one-half times the regular hourly rate for each hour worked over forty (40) in any workweek.

19. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid and which should have been paid at the proper overtime premium.

20. Plaintiff further seeks liquidated damages as Defendant's conduct is in violation of Section 7 of the FLSA, 29 U.S.C. § 207.

21. Plaintiff also seeks compensation of recoverable expenses, costs of court, expert fees, mediator fees, and out-of-pocket expense incurred and reasonable and necessary attorney's fees pursuant to 29 U.S.C. §216(b).

22. Plaintiff has retained the law firm of Ross Law, P.C. to represent her in this suit. Plaintiff has entered into a valid contract with Ross Law, P.C. and has appointed that firm and the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendant and Defendant's attorneys solely to and through the undersigned counsel. Plaintiff's contract with and representation by Ross Law, P.C. and the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff are entitled to collect from Defendant pursuant to 29 U. S. C. § 216(b).

## PRAYER FOR RELIEF

Plaintiff demands Judgment against Defendant for the following:

a. Awarding Plaintiff declaratory and/or injunctive relief as permitted by law or equity;

b. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

c. Awarding Plaintiff pre-judgment and post-judgment interest as provided by law, should liquidated damages not be awarded;

    d.    Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

    e.    Awarding Plaintiff such other and further relief as the Court deems just and proper.

## COUNT II
### CAUSE OF ACTION: BREACH OF CONTRACT

23. Plaintiff re-alleges and incorporates herein paragraphs 1-8, *supra*.

24. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1367(a).

25. On or about May 4, 2015, Plaintiff and Defendant entered into a verbal contract.

26. Pursuant to the terms of the Parties' contract, Plaintiff was to be paid at her regular hourly rate for all hours worked.

27. With their supervisors' knowledge and consent, Plaintiff worked numerous hours, but was not paid for all of her hours worked pursuant to the Parties' contract.

28. Defendant breached the Parties' agreement by not compensating Plaintiff for all of her hours worked at the appropriate agreed upon rate.

29. As a result of Defendant's breach of the Parties' contract, Plaintiff has been damaged.

WHEREFORE, PREMISES CONSIDERED, Plaintiff demands Judgment against Defendant for the following:

f.  Awarding Plaintiff her unpaid wages, compensatory damages, attorneys' fees and litigation expenses as provided by law;

g.  Awarding Plaintiff pre-judgment interest as provided by law,;

h.  Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted, May 9, 2018.

**ROSS LAW GROUP**

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawgroup.com